

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00005-CR

---

BENJAMIN VITELA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5916, Honorable Stuart Messer, Presiding

---

October 29, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Benjamin Vitela was charged by indictment with the offense of assault-family violence by choking, a third-degree felony.[1]  In June 2016, according to the terms of a plea-bargain agreement Appellant pled guilty to the charged offense.  The trial court

---

[1] TEX. PENAL CODE ANN. § 22.01(a),(b)(2)(B) (West Supp. 2020).

followed the terms of the parties' agreement and placed Appellant on deferred adjudication community supervision for a period of three years.[2]

In May 2019, the State filed a motion to proceed with adjudication of Appellant's guilt and capias was issued. Appellant denied any violation of community supervision. The trial court conducted a contested evidentiary hearing of the motion in September 2019.[3]

Condition two of Appellant's community supervision order required he abstain from the use of "narcotics [and] controlled substances." Among the State's exhibits admitted at the hearing of its motion to adjudicate was Appellant's written admission of using methamphetamine "four times since April 2018" and on February 24, 2019. Other evidence showed Appellant's April 17, 2019 hair follicle sample tested positive for amphetamines. In hearing testimony, Appellant acknowledged using methamphetamine while on community supervision. The trial court found Appellant violated two of the conditions of his community supervision order, including condition two. It revoked Appellant's community supervision, adjudicated him guilty, and sentenced him to ten years' confinement in prison. This appeal followed.

---

[2] TEX. CODE CRIM. PROC. ANN. art. 42A.101 (West 2018).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(c) (West 2018) (continuing trial court's jurisdiction to proceed with hearing to adjudicate guilt when State's motion to proceed is filed and capias issued prior to expiration of the supervision period); *Fulford v. State,* No. 01-15-00917-CR, 2017 Tex. App. LEXIS 11927, at *4 (Tex. App.—Houston [1st Dist.] Dec. 21, 2017, pet. ref'd) (mem. op., not designated for publication) (concluding trial court had jurisdiction to hear State's second motion to adjudicate guilt where motion was filed and capias issued on April 28, 2014, and probationary period was set to expire on November 22, 2014).

Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[4] brief. Counsel has certified that she conducted a conscientious examination of the record and, in her opinion, the record demonstrates no reversible error on which to predicate an appeal. *Anders,* 386 U.S. at 744; *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified Appellant of her motion to withdraw; provided him a copy of the motion and *Anders* brief; and provided him a copy of the appellate record as well as notice of his right to file a pro se response. *See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief.

Appellant filed a pro se response. There he argues the trial court lacked jurisdiction to adjudicate guilt and impose a sentence because he completed community supervision prior to the hearing of the State's motion. We have already noted why the trial court retained jurisdiction to proceed. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(c). Appellant also argues three pages of a laboratory report in evidence, stating a positive drug test result, concern another person. He is correct that the report identifies the specimen donor as "Viteld, Benjamin" rather than "Vitela, Benjamin." But the report also

---

[4] *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

identifies the donor by a social security number which other evidence matches to Appellant. Moreover, the report was admitted without objection.

In her *Anders* brief, counsel discusses areas of potential error but concludes the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues which might support an appeal. Like counsel, we have found none. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman,* 252 S.W.3d at 409; *Gainous v. State,* 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record, counsel's brief, and Appellant's pro se response we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw. The judgment of the trial court is affirmed.[5]

Lawrence M. Doss
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman,* 252 S.W.3d at 411 n.33.